ELLEN F. O'NEIL, *et al.*, Respondents, *vs.* JOHN P. CAPELLE, Appellant.

1. *Instructions should present the whole case.*—If an instruction does not cover the whole case, the court may modify it so as to present the views of both parties under the pleadings and the evidence.

*Appeal from St. Louis Circuit Court.*

*Wells Hendershott,* for Appellant.

*A. H. Bereman,* for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action for money loaned to defendant to be paid on demand.

The petition alleges that in 1868 the plaintiff loaned five thousand dollars to the defendant to be paid on demand; that in 1870, he agreed in writing to pay interest on the loan at ten per cent. per annum.

The defendant set up a counter-claim for monies advanced, goods, wares and merchandise sold and delivered, and labor done and materials furnished amounting in all to the sum of $5,335.80-100. There was no denial of any of the allegations of the petition.

The plaintiff replied to the counter-claim denying all indebtedness as charged by defendant, and alleging that the money advanced, the goods sold, and labor performed, and materials furnished by defendant, were in payment of interest on the money she had loaned to defendant.

The only issue made by the pleadings and evidence, was in regard to the counter-claim; that is, whether the items charged were payments of interest on the money loaned by plaintiff to defendant or not. Both parties gave evidence tending to establish their respective theories of the defense and the instructions given on each side to the jury presented the views of each party.

The defendant asked an instruction, which was refused, to the effect that if the jury found the several items of the counter-claim named in the instruction for defendant, then they

must find the other in his favor, etc. The court modified some of the defendant's instructions so as to make them present both sides of the case, and to this action of the court the defendant excepted. The defendant also asked an instruction in regard to the allowance of interest, to the effect that the ten per cent. per annum interest ought to be allowed on both sides. This instruction was refused and the defendant excepted. The jury found a verdict for the plaintiff, and defendant filed a motion for a new trial, and amongst other reasons for the same, alleged that in the absence of the court and the defendant's counsel, the plaintiff's counsel read to the jury parts of a deposition which had been excluded as evidence. This motion is supported by the affidavit of a bystander; but the affidavit does not set forth what parts of the deposition were read, or whether they were at all material to the case. The motion for a new trial was overruled and the defendant excepted. The court rendered a final judgment for the plaintiff, which on appeal to the General Term was affirmed and the defendant has appealed to this court.

There was no error in giving or refusing instructions. If an instruction does not cover the whole case, the court may modify it so as to present the views of both parties under the evidence and pleadings.

The instructions asked by the defendant to allow interest at ten per cent. on his counter-claim, and to allow the whole counter-claim, if part of the items were found to be just, are so manifestly erroneous under the evidence given, as to require no comment. And the same remark may be made in regard to the new matter relied on in the motion for a new trial. There is nothing in the record to show that the parts of the deposition read by counsel in his argument to the jury, which had been excluded by the court, were at all material to the case or had the slightest effect on the verdict.

Upon the whole record the judgment appears to be for the right party.

Judgment affirmed; all the judges concur.